SENTELL, Clerk.
RULE 45, ALABAMA RULES OF JUDICIAL ADMINISTRATION — COSTS FOR CERTIFICATION OF COURT RECORDS ON CHANGE OR TRANSFER OF VENUE
RULE 43, ALABAMA RULES OF JUDICIAL ADMINISTRATION — COLLECTION AND DISTRIBUTION OF FEES
Mr. Allen L. Tapley, Administrative Director of Courts, has asked me, pursuant to § 12-2-19(d), Code 1975, whether the fees charged by a court clerk for a copy of the docket sheet and for its certification, when a case has been transferred to another county upon the granting of a motion for change of venue, are charged to the moving party in all instances.
My answer to the question is in the negative. In my opinion, the fees charged by a court clerk, pursuant to Rule 45, Alabama Rules of Judicial Administration, for a copy of the docket sheet and for its certification, when a change or transfer of venue has been ordered by the court on motion of a party, should be taxed as court costs pursuant to the order of the trial court.
The pertinent part of subsection (A) of Rule 45, as amended, Alabama Rules of Judicial Administration, is as follows:
“(a) A fee of 25 cents per page shall be charged for copies of court records made by any clerk or register. A fee of $1.00 shall be charged by the clerk or register for each certification made to copies of court records.... ”
The first sentence of § 6-3-22, Code 1975, reads:
*264 “When a change or transfer of venue has been ordered pursuant to section 6-3-20 or section 6-3-21, the clerk of the court shall make a copy of the docket sheet in the action and shall certify under the seal of the court that the same is a true copy.”
Section 6-3-20, Code 1975, reads, in part, as follows:
“Either party to a civil action may move the court to change the venue at any time before final trial, making affidavit that for causes set forth, he cannot have a fair and impartial trial in the county where the action is pending. The court may direct a change to the nearest county free from proper objection by either party, to be determined by affidavits and, whenever it will best secure the ends of justice, it may require the applicant to give bond and security for costs.... ”
Section 6-3-21, Code 1975, is as follows: “Transfer of Venue.
A defendant in a civil action may move for a transfer of venue as provided in the Alabama Rules of Civil Procedure.”
The pertinent part of Rule 82(d), Alabama Rules of Civil Procedure, reads:
“(d) Improper venue. When an action is filed laying venue in the wrong county, the court, on timely motion, shall transfer the action to the court in which the action might have been properly filed and the case shall proceed as though originally filed therein.”
The part of Rule 54(d), Alabama Rules of Civil Procedure, pertaining to the allowance of court costs reads:
“(d) Costs. Except when express provision therefor is made in a statute, costs shall be allowed as of course to the prevailing party unless the court otherwise directs, and this provision is applicable in all cases in which the state is a party plaintiff in civil actions as in cases of individual suitors.”
Since costs are not ordinarily taxed until the final order is entered in a case, the question arises: Who collects the cost taxed for a copy of the docket sheet and for its certification when a change or transfer of venue has been ordered by the court on motion of a party?
Rule 43, as amended, Alabama Rules of Judicial Administration, contains the following provision for the collection of court costs when there has been a change or transfer of venue:
“... If the case is transferred to another court because of a change of venue or otherwise, the clerk of the court in which the case was filed shall certify to the court to which the case is transferred the fees which have been collected. Fees in a case which accrue subsequent to the transfer shall be collected and distributed by the clerk of the court to which the case was transferred.... ”
In my opinion, the cost for a copy of the docket sheet and for its certification when there has been a change or transfer of venue should be collected by the clerk of the court which enters the order for its payment.